**Pages 1 - 18**

                UNITED STATES DISTRICT COURT

              NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

EPIC GAMES, INC., a Maryland   )
corporation,                   )
                               )
          Plaintiff,           )
                               )
   VS.                         )         **NO. C 20-05671 JD**
                               )
GOOGLE LLC; et al.,            )
                               )
          Defendants.          )
                               )
                               )**NO. C 20-05761 JD, 20-05792 JD,**
AND RELATED CASES.             )    **C 20-06772 JD, 20-07079 JD,**
                               )    **C 20-07361 JD, 20-07365 JD,**
                                    **C 20-07379 JD, 20-07824 JD,**
                                    **C 20-07984 JD**

                        San Francisco, California
                        Thursday, December 3, 2020

            **TRANSCRIPT OF PROCEEDINGS BY ZOOM WEBINAR**

**APPEARANCES BY ZOOM WEBINAR:**

For Plaintiff Epic Games in C 20-05671 JD:
                    CRAVATH, SWAINE & MOORE LLP
                    825 Eighth Avenue
                    New York, New York  10019
              **BY:  YONATAN EVEN, ATTORNEY AT LAW**

For Plaintiffs in Carr/In Re Google Play Consumer Antitrust
Litigation, C 20-05761 JD:
                    KOREIN TILLERY LLC
                    505 N. 7th Street - Suite 3600
                    St. Louis, Missouri  63101
              **BY:  JAMIE L. BOYER, ATTORNEY AT LAW**

              (APPEARANCES CONTINUED ON FOLLOWING PAGE)

Reported By:  Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
              Official Reporter

```
APPEARANCES BY ZOOM WEBINAR:   (CONTINUED)

For Plaintiffs in Pure Sweat Basketball, Inc./In Re Google Play
Developer Antitrust Litigation, C 20-05792 JD:
                    HAGENS BERMAN SOBOL SHAPIRO LLP
                    1301 Second Avenue - Suite 2000
                    Seattle, Washington  98101
              BY:   STEVE W. BERMAN, ATTORNEY AT LAW

For Plaintiffs in Peekya App Services, Inc./In Re Google Play
Developer Antitrust Litigation, C 20-06772 JD:
                    HAUSFELD LLP
                    600 Montgomery Street - Suite 3200
                    San Francisco, California  94111
              BY:   BONNY E. SWEENEY, ATTORNEY AT LAW

For Plaintiffs in Bentley, et al./In Re Google Play Consumer
Antitrust Litigation, C 20-07079 JD:
                    MILBERG PHILLIPS GROSSMAN LLP
                    100 Garden City Plaza - Suite 500
                    Garden City, New York  11530
              BY:   PEGGY WEDGEWORTH, ATTORNEY AT LAW

For Plaintiff McNamara/In Re Google Play Consumer Antitrust
Litigation, C 20-07361 JD:
                    COTCHETT, PITRE & MCCARTHY LLP
                    San Francisco Airport Office Center
                    840 Malcolm Road
                    Burlingame, California  94010
              BY:   ADAM J. ZAPALA, ATTORNEY AT LAW

For Plaintiff Herrera, C 20-07365 JD:
                    KAPLAN, FOX & KILSHEIMER LLP
                    850 Third Avenue - 14th Floor
                    New York, New York  10022
              BY:   HAE SUNG NAM, ATTORNEY AT LAW

For Plaintiffs in Carroll/In Re Google Play Consumer Antitrust
Litigation, C 20-07379 SK:
                    PRITZKER LEVINE LLP
                    1900 Powell Street - Suite 450
                    Emeryville, California  94608
              BY:   ELIZABETH C. PRITZKER, ATTORNEY AT LAW

For Plaintiff Jared Stark, C 20-08309 JD:
                    KELLER ROHRBACK LLP
                    3101 North Central Avenue  - Suite 1400
                    Phoenix, Arizona  85012
              BY:   ALISON E. CHASE, ATTORNEY AT LAW
```

1  **APPEARANCES BY ZOOM WEBINAR**:  (CONTINUED)

2  For Plaintiffs in Gamble, C 20-07984 JD:
                GIBBS LAW GROUP LLP
3               505 14th Street - Suite 1110
                Oakland, California  94612
4          BY:  **ANDRE M. MURA, ATTORNEY AT LAW**

5  For Defendants:
                MORGAN, LEWIS & BOCKIUS LLP
6               One Market - Spear Street Tower
                San Francisco, California  94105
7          BY:  **BRIAN C. ROCCA, ATTORNEY AT LAW**
                **SUJAL J. SHAH, ATTORNEY AT LAW**

**Thursday - December 3, 2020**                                          **11:08 a.m.**

                              **P R O C E E D I N G S**

                                       ---oOo---

**THE CLERK:** Calling Civil 20-5671, Epic Games vs. Google; Civil 20-5761, In Re Google Play Consumer Antitrust Litigation; Civil 20-5792, In Re Google Play Developer Antitrust Litigation; Civil 20-6772, Peekya Services, Inc. vs. Google LLC; Civil 20-7079, Bentley, et al., vs. Google LLC; Civil 20-7361, McNamara vs. Google, LLC; Civil 20-7365, Herrera vs. Google LLC; Civil 20-7379, Carroll vs. Google LLC; Civil 20-7824, Roberts vs. Google LLC; and Civil 20-7984, Gamble, et al., vs. Google LLC.

Counsel for the defendant Brian Rocca.

**MR. ROCCA:** Good morning, Your Honor. It's Brian Rocca and my colleague Sujal Shah of Morgan Lewis representing defendant.

**THE CLERK:** Counsel for plaintiff Jamie Boyer.

**MS. BOYER:** Good morning, Your Honor. This is Jamie Boyer for plaintiff Mary Carr.

**THE CLERK:** Alison Chase.

**MS. CHASE:** Good morning. Alison Chase for plaintiff Jared Stark.

**THE CLERK:** Hae Sung Nam.

**THE COURT:** You're on mute.

**MS. NAM:** Hi. Good morning, Your Honor. Hae Sung Nam

1  from Kaplan Fox for the Herrera plaintiff.
2          **THE CLERK:**  And Andre M. Mura.
3          **MR. MURA:**  Good morning, Your Honor.  Andre Mura for
4  the Gamble plaintiffs from Gibbs Law Group.
5          **THE CLERK:**  Steve Berman.
6          **MR. BERMAN:**  Good morning, Your Honor.  Steve Berman
7  for Pure Sweat Basketball in the Developer matter.
8          **THE CLERK:**  Bonny Sweeney.
9          **MS. SWEENEY:**  Good morning, Your Honor.  Bonny Sweeney
10 for Peekya App Services, Inc., and also the Developer case.
11         **THE CLERK:**  Peggy Wedgeworth.
12         **MS. WEDGEWORTH:**  Good morning, Your Honor.  Peggy
13 Wedgeworth on behalf of the Bentley plaintiff in the Consumer
14 class.
15         **THE CLERK:**  Elizabeth Pritzker.
16         **MS. PRITZKER:**  Good morning, Your Honor.  Elizabeth
17 Pritzker of Pritzker Levine on behalf of the Carroll plaintiffs
18 in the Consumer actions.
19         **THE CLERK:**  Yonatan Even.
20         **MR. EVEN:**  Good morning, Your Honor.  Yonatan Even for
21 plaintiff Epic Games.
22         **THE CLERK:**  And Adam Zapala.
23         **MR. ZAPALA:**  Good morning, Your Honor.  Adam Zapala
24 from Cotchett, Petri & McCarthy for the McNamara plaintiffs in
25 the Consumer actions.

1           **THE CLERK:**  That's everybody.
2           **THE COURT:**  Okay.  All right.  Thank you, Ms. Clark.
3       All right.  So since our last meeting, we've gotten a lot
4  done to clear the decks and get forward moving.  I'm happy
5  about that.  I think everybody has been...
6       All right.  So we have Epic as the individual case and
7  then we have the two consolidated cases, one for the consumers
8  and one for the developers.  So that's great.  We've got all
9  that worked out.
10      The developers have filed an amended complaint.  The
11 consumers will be filing an amended complaint.  I have advanced
12 the requests to consider appointment of interim class counsel
13 to I think December 15th, somewhere around there.
14      All right.  And we have a motion to dismiss pending in
15 Epic; is that right, Mr. Even?
16          **MR. EVEN:**  That is correct, Your Honor.  It's both in
17 the Epic Games case and in the developers case.
18          **THE COURT:**  All right.  So it's full steam ahead.  I'm
19 happy to hear that.
20      Now, you're here because I have proposed and you-all
21 accepted the idea of just having, you know, check-ins every
22 30 days or so, and I'm here to take any and all check-in
23 statements.  Anybody want to jump in?
24          **MR. ROCCA:**  Your Honor, good morning.  If I may, it's
25 Brian Rocca for Google.

1   **THE COURT:** Yes.

2   **MR. ROCCA:** And thank you again, Your Honor, and to
3   the court staff for hosting us today by Zoom. It is
4   appreciated that Your Honor has taken such an active role in
5   case management.

6   I just have one point --

7   **THE COURT:** I'm sorry, Mr. Rocca, on that point --
8   thank you -- just to jump in.

9   So looking forward -- all right? -- the world is breaking
10  with news of COVID-19 vaccinations and, you know, all sorts of
11  other what appear to be positive developments, of course
12  negative developments as well; but just thinking long term, I
13  am inclined, at least for status conferences, to, regardless of
14  what a post-vaccination world looks like, continue to do this
15  on Zoom.

16  Now, this is something that I'm planning to do in most of
17  my cases, but you're the first group that I have an opportunity
18  to discuss this with. So just as a -- we'll just do a -- the
19  people here, and I know there are a lot of people watching, but
20  of the people on the screen, let's just do a silent poll.
21  Raise your hand -- your actual hand, not the little blue
22  hand -- raise your actual hand if you would be supportive of
23  just continuing status conferences like this by Zoom
24  *ad infinitum*; that is, until the case is over.

25  All right. It's a unanimous vote. Okay. Good.

1    Great.  Okay.  So we can probably plan on that.  And the
2 benefits of that are, you know, as I'm sure you-all realize,
3 you know, you don't have to come out here for a 45-minute --
4 you know, it's not a three-day trip or two-day trip to
5 San Francisco for a 45-minute conference.  They're vital,
6 they're important, but that's a long haul for 45 minutes in
7 front of the Court, which will improve your work-life balance,
8 your home life, and free you for productive billing on other
9 matters if that's where you are.
10     Okay.  Go ahead, Mr. Rocca.
11        **MR. ROCCA:**  Thank you, Your Honor.
12     The motion to dismiss, as Mr. Even noted, that's pending
13 relates to the Epic matter and the developer putative class.
14 The amended complaint on the consumer side, as Your Honor just
15 noted, will be December 28th.
16     I just wanted to flag that we anticipate from the Google
17 perspective reaching out to counsel on the consumer side to
18 propose a schedule for any motion practice, a date of filing,
19 briefing schedule, and page limits.  I'm not exactly sure the
20 timing of that.  It might depend on how quickly Your Honor
21 decides the interim class issue, but I just wanted to flag
22 that, that we will be filing a motion to dismiss.  We'll want
23 to look at the complaint and then have an orderly motion
24 practice.
25        **THE COURT:**  Well, I tell you what.  I'm glad you

1  mentioned that.  Now, I know most of you are new to me, not
2  everybody, but most of you.  I do this in other large cases as
3  well, so this is an opportunity for us to think out loud among
4  friends and just try out ideas and see what works.
5        So on that point, Mr. Rocca, here's my thought.  You're
6  all free to say no, and there's not a problem with that, but
7  why don't we -- you know, a lot of these issues are
8  overlapping.  Okay?  I mean, I don't think we need three
9  motions to dismiss on the same basic antitrust principles.
10       So to that end, one possibility would be just to take the
11 motions that are pending and let us work through those and
12 resolve that; and then that ought to be a very good indicator
13 on, for example, in the consumer case, whether it's worth the
14 time and energy to bring another motion.  And to the extent I
15 decide against the plaintiffs, who knows, I don't know, but to
16 the extent that I do, it would seem that the consumer
17 plaintiffs would be in a position to maybe amend their
18 complaint without further activity.
19       So, you know, I'm very cognizant of letting everybody have
20 a voice and have their day in court.  That is a concern, but at
21 the same time, you know, I don't think you-all need to be
22 spending so much time and money on, you know, motions to
23 dismiss that are going to overlap substantially in a serial
24 fashion.
25       So, Mr. Rocca, what do you think about that?

1   **MR. ROCCA:** Your Honor, I'd like to confer with my
2   client specifically on that issue. It's an interesting idea.
3   I think there may be some unique issues to the consumer
4   class -- I'd have to look at the complaint -- that will not
5   have been briefed. There certainly could be and probably will
6   be overlap. So I'm mindful of that issue.
7       So perhaps the middle ground is if there are any unique
8   issues to the consumer class, that that would be taken up in
9   maybe a more targeted motion.
10      **THE COURT:** I say that's a good amendment to the
11  motion on the floor.
12      All right. Anybody have any additional thoughts about
13  that? Anybody on the plaintiffs' side?
14      **MR. ZAPALA:** Your Honor, Adam Zapala for Cotchett.
15      I think that makes a lot of sense. You know, I see a lot
16  of overlap between what could occur. I don't want to prejudice
17  Google if there are unique issues as to the consumers. Those
18  can be addressed in a streamlined motion, but I think it makes
19  a lot of sense certainly to conserve party and judicial
20  resources to see where Your Honor rules in the other two cases,
21  and I think that would shed light on whether Google thinks it
22  has a more targeted argument as to the Consumers. It makes a
23  lot of sense to me.
24      **THE COURT:** Good.
25      Ms. Boyer.

1     **MS. BOYER:**  Your Honor, I would agree with that.  I
2 think that plan makes a lot of sense.  I like Mr. Rocca's idea
3 of perhaps just addressing unique consumer issues in a separate
4 motion.
5     The one sort of logistical detail I think we'd need to
6 work out is whether or not we go ahead and file a consolidated
7 complaint for the consumers on the 28th of December or we wait
8 until the motions to dismiss get resolved for the developers
9 and Epic so that any amended complaint sort of addresses where
10 we are at that moment; but for the consumers, at least for our
11 clients, we'd be happy to do that either way.
12     **THE COURT:**  Well, I'll tell you what.  Mr. Rocca was
13 suggesting meeting and conferring about scheduling.  I think
14 now the tenor of that discussion has changed so why don't
15 you-all get together and discuss these points.
16     I mean, Ms. Boyer, I think I would prefer -- this is just
17 me; I'm not ordering this -- I think I would prefer to see an
18 amended complaint on December 28th.  I think that makes a
19 little bit more sense actually; but if you-all have a strong
20 unanimous -- that's the keyword -- strong unanimous conviction
21 that you'd rather defer, you know, I won't stand in the way of
22 that; but I would vote -- and I know I have essentially the
23 only vote, but I'm not going to use that -- I would vote that
24 you still file on December 28th.  Okay?
25     **MS. BOYER:**  Okay.

1    **THE COURT:**  How would you like to -- the amended
2  complaint is not due until the 28th anyway.  So do you want to
3  have three weeks to get together and talk about, you know,
4  maybe a more targeted third round of motions to dismiss?
5       And, by the way, Mr. Rocca, and for anybody else who may
6  be moving to dismiss, maybe just Mr. Rocca, you know, please, I
7  have written substantially on how 12(b)(6) is different from
8  Rule 23.  So I rarely, if ever, take up Rule 23 issues in the
9  12(b)(6) context.  So if you're going to do that, if that's a
10 targeted issue, I don't know, I'm just -- this is just a word
11 to the wise, make sure you read my prior orders and, you know,
12 have some reason why that might be appropriate here when I have
13 said it's not in other cases.
14      I'm not ruling it out, but it's just something I've looked
15 at on many times and it rarely, if ever, is appropriate in my
16 view at the motion to dismiss stage to start talking about the
17 class, particularly at the motion to strike, which I think
18 should be struck from the Federal Rules of Civil Procedure,
19 Rule 12(f).  It really is a rare day when a 12(f) motion is
20 appropriate to get rid of a class.  Okay?  But just, you know,
21 think it over.
22      Okay.  So why don't you all meet and confer within how
23 about two weeks, Mr. Rocca?  Does that sound all right?
24           **MR. ROCCA:**  That sounds great, Your Honor.  Thank you.
25           **THE COURT:**  I know there's a lot of plaintiffs so does

1   anybody have an objection to two weeks?
2                       (No response.)
3           **THE COURT:** Okay.  All right.  Then just file a joint
4   statement -- you know, it can be short and sweet -- just
5   detailing what you'd like to do.  I guess we're just talking
6   about maybe the consumer plaintiffs right now.
7       So okay.  And I promise there will be -- the motions to
8   dismiss will be dealt with promptly so don't -- there won't be
9   a time drag on that.
10      Okay.  Any other issues for today from anyone?
11          **MR. EVEN:** I think, Your Honor -- this is Yonatan Even
12  for Epic.
13      I think the only thing, not to speak out of turn, just to
14  remind Your Honor that you have our joint statement regarding
15  protective order that's --
16          **THE COURT:** Oh, yes.
17          **MR. EVEN:** -- I believe, Document 77 --
18          **THE COURT:** Yes.
19          **MR. EVEN:** -- and the proposed schedule, which I
20  believe is Document 87.
21          **THE COURT:** Yes.  I will have the protective order.
22  You-all haven't resolved that?  There's been no
23  late-breaking -- no?  Okay.
24          **MR. EVEN:** I think, Your Honor, you've made your views
25  pretty clear last time but the papers are before you.  I don't

1   know that we continue to discuss.
2           **THE COURT:** No one listens to the old judge, I get it.
3       Okay.  I will resolve that this week.
4           **MR. ROCCA:** And, Your Honor, if the Court would like
5   us to try another shortened period of meet and confer on that
6   issue, we're certainly willing to do that; but I agree with
7   Mr. Even that the protective order issue remains pending.
8       And the case schedule we've proposed, I think it was a
9   stipulated schedule, so it's just a matter of checking the
10  Court's calendar and seeing if the dates work.
11          **THE COURT:** Well, I mean, the real issue is the
12  protective order.  Is there any reason -- is there any optimism
13  that further meeting and conferring would be productive,
14  Mr. Rocca?
15          **MR. ROCCA:** Well, Your Honor, as I noted at a prior
16  conference, Google is asking the Court to enter the model
17  protective order.  We understood that in the event of a
18  dispute, the Court would do that.  It relates to paragraph 7.4.
19      In response to that --
20          **THE COURT:** Yes.  You're right on all that.
21          **MR. ROCCA:** Right.
22          **THE COURT:** Yeah.  Go ahead.
23          **MR. ROCCA:** In response to paragraph 7.4, I believe
24  the Court referenced the definition of "expert," which is one
25  of the defined terms.  To me, that's really the only path to a

potential resolution of the matter, and I'm willing to try; but, you know, it's been pending and I think the dispute is pretty clear.  It's Exhibit A or Exhibit B.

**THE COURT:**  Who's your main negotiating partner on this for the plaintiffs?

**MR. ROCCA:**  Your Honor, it's an esteemed group that's growing.  Mr. Even certainly, Ms. Boyer, Ms. Sweeney.

**THE COURT:**  Okay.  How about this:  Just in the interest of efficiency, I'm going to appoint Ms. Boyer to be the lead negotiator for the plaintiffs on the protective order issue.

Why don't you take one more run on it, and let me know by -- what is today?  Thursday?  Why don't you let me know -- I'll tell you what.  Why don't you let me know by Monday -- okay? -- whether there are any late-breaking developments; and if not, I will promptly attend to the issue next week.  Okay?

**MR. ROCCA:**  Very well.  Thank you, Your Honor.

**THE COURT:**  You're all right, Ms. Boyer?

**MS. BOYER:**  Yes.

**THE COURT:**  You're all right, good.

Anything else for today from anyone?

**MS. NAM:**  Yes, Your Honor.  Hae Sung Nam for Kaplan Fox.

I just wanted to give you an update on the lead plaintiff motions.  I know that's scheduled for December 15th.

1       **THE COURT:** Yes.

2       **MS. NAM:** The counsel for consumer plaintiffs are
3  still trying to work out a leadership structure, and I just
4  wanted to let you know that.

5       **THE COURT:** Oh, that's great.  Do you think you'll
6  have that done by the 15th?

7       **MS. NAM:** We hope to.

8       **THE COURT:** Okay.  Well, if you do, if it's done
9  sooner, like within a couple days before, a couple court days,
10 I can probably have everything done on the 15th.  All right?
11 So keep that in mind.  Okay?  I'd like to have it done on the
12 15th, not submitted.  So get you on your way.  Okay?

13      **MS. NAM:** We understand.

14      **MS. BOYER:** Understood.

15      **THE COURT:** If you can't, you can't, that's fine, and
16 don't worry about it.  There won't be any adverse consequence
17 from that; but if you can, I will hold out prompt resolution.

18    All right.  Anybody else?  Last call.

19      **MS. SWEENEY:** Your Honor, Bonny Sweeney for the
20 developer plaintiffs.

21      **THE COURT:** Yes, Ms. Sweeney.

22      **MS. SWEENEY:** We also have a lead counsel motion
23 pending and today is the -- well, the deadline for oppositions
24 has passed.  There's no oppositions.  It's an agreed-to motion
25 to appoint our three firms as co-lead counsel for the class of

1  developer plaintiffs.
2       **THE COURT:**  Okay.  So you're all in agreement and
3  nobody said no?
4       **MS. SWEENEY:**  That's correct, Your Honor.
5       **THE COURT:**  All right.  I will take a look at that and
6  maybe we can get something done before the 15th.
7       **MS. SWEENEY:**  Thank you.
8       **THE COURT:**  All right.  So tell you what, what would
9  you like to do?  Would you like to do early January for the
10  next one or do you want to do something again in December?
11       **MR. ROCCA:**  Your Honor, I think after the holidays
12  makes sense.  There's a lot of work that we've been
13  collaborating on, and I think there's no reason to rush it
14  before the holidays.
15       **THE COURT:**  All right.  I am hoping to have my last
16  portion of a very long running multidistrict litigation
17  antitrust case tried the week of January 18th and 25th.  So I
18  can have you in on the 14th, but after that I couldn't probably
19  have you back in until February.  So how about Thursday the
20  14th?
21       **MR. EVEN:**  That works for us, Your Honor.
22       **THE COURT:**  Okay.  So we'll do our next regular
23  check-in.
24       And, again, you know, these are for you and if you-all
25  collectively agree that there's nothing to talk about, you just

```
 1  let me know and we'll take it off calendar, but otherwise I'm
 2  happy to do it.  I think it's a good thing to do.  I think it's
 3  productive.  And I will see you all on I guess December 15th
 4  but then January 14th for the next status conference.
 5       All right.
 6            MR. EVEN:  Thank you, Your Honor.
 7            THE COURT:  Thank you much very, Your Honor.
 8            ALL:  Thank you, Your Honor.
 9            THE COURT:  Okay.
10                 (Proceedings adjourned at 11:27 a.m.)
11                           ---oOo---
12
13                    CERTIFICATE OF REPORTER
14       I certify that the foregoing is a correct transcript
15  from the record of proceedings in the above-entitled matter.
16
17  DATE:   Thursday, December 3, 2020
18
19
20
21       _____
22       Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
              U.S. Court Reporter
23
24
25
```